**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DEBORAH R. PHILLIPS** **PLAINTIFF**

**v.** **CASE NO. 4:25-CV-00231-BSM**

**MASSACHUSETTS BAY INSURANCE COMPANY** **DEFENDANT**

**ORDER**

Massachusetts Bay Insurance Company's motions for summary judgment [Doc. Nos. 21 & 24] are denied.

I. BACKGROUND

Massachusetts Bay insured Deborah Phillips's home when it suffered tornado damage. Pl.'s Resp. Statement Undisputed Material Facts ("SUMF"), Doc. No. 31, ¶ 2. Massachusetts Bay's adjuster estimated approximately $14,851 in damage to a roof column, which Massachusetts Bay paid. *Id.* ¶¶ 29–31. The adjuster did not examine the entire roof. *Id.* ¶ 29. Stanco Construction initially quoted Phillips $19,178.05 to replace shingles on a portion of the roof, and Massachusetts Bay paid $9,178.05, the depreciated value of that portion of the roof. *Id.* ¶¶ 33–37. While repairing the roof, Stanco discovered more damage and revised its quote to $135,000 to fully repair it. *Id.* ¶¶ 32, 38, 40. It later increased its estimate to $202,575. *Id.* ¶ 41.

The parties dispute how much roof damage was caused by the tornado and the amount of money that Massachusetts Bay is required to pay for the damage. While Phillips's expert states that the roof damage was caused by wind, Doc. No. 26, Ex. 3, Edwards Dep. at 47, Massachusetts Bay's expert states that it was caused by long term water infiltration, not

wind. SUMF ¶ 48. The parties also dispute whether the entire roof required was damaged by the tornado or only a part of it. Def.'s Brief in Supp. Mot. Summ. J., Doc. No. 25 ("Def.'s Brief"), at 10; Pl.'s Brief in Opp. Mot. Summ. J., Doc. No. 30 ("Pl.'s Brief"), at 21. Stanco maintains that the entire roof must be replaced because attaching new materials to the original roof membrane would cause a number of problems. Doc. No. 26, Ex. 4, Jerry Standridge Dep. at 47.

Phillips is suing Massachusetts Bay for breach of contract, and Massachusetts Bay is moving for summary judgment. Summary judgment is denied because there are material factual disputes requiring resolution by a finder of fact.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in the pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. Foundation, Plumbing, and Water Bills

Massachusetts Bay's motion for summary judgment on any claims Phillips may have for foundation and plumbing repairs or water bills is denied because Phillips is not bringing those claims. *See* Pl.'s Resp. Mot. Partial Summ. J., Doc. No. 28.

### B. Phillips's sufficiency as a plaintiff

Massachusetts Bay's motion for summary judgment based on Phillips's sufficiency as a plaintiff is denied. Massachusetts Bay argues that Phillips's own knowledge of the storm damage is insufficient to establish a breach of contract. Def.'s Brief at 7. Massachusetts Bay would probably have a point if Phillips were offering only her incomplete personal recollection in support of her claim. Phillips, however, is offering her own testimony regarding the tornado and the payments she has received from Massachusetts Bay, and she is offering the testimony of a contractor and expert regarding the cause of the damage and the cost of repairing the damage. SUMF ¶¶ 5, 38, 41, 43, 44. For these reasons, summary judgment is denied.

### C. Yates as de facto plaintiff

The motion for summary judgment relating to Yates's testimony is denied. Massachusetts Bay argues that Phillips's son, Yates, cannot serve as a stand-in plaintiff for Phillips. Def.'s Brief at 7. Summary judgment is denied because Yates is not serving as a stand-in plaintiff but will merely testify about issues within his personal knowledge. Massachusetts Bay also argues that Yates cannot offer lay opinions on the technical cause

of the roof's damage. *Id.* at 8. Yates is a fact witness and his testimony will be limited to his personal observations. From the record, it appears that Phillips is not relying on Yates to prove that the tornado damaged her roof—she has a contractor and a retained expert prepared to testify about that. *See* Edwards Dep. at 14, 47 ("[T]he long-term nature of [the roof] not being properly shored was consistent with wind damage from the column."); *see also* Standridge Dep. at 18 ("[T]here is places all over that roof where it had been impacted and you could see where it didn't actually, bust through the matting, but there's a lot of places where stuff had hit."). For these reasons, summary judgment is denied.

D. Evidence of breach

Massachusetts Bay's motion for summary judgment on the substance of Phillips's breach of contract claim is denied because there are genuine disputes of material fact as to whether Massachusetts Bay breached its contract with Phillips.

Massachusetts Bay argues that summary judgment is appropriate because Phillips has no evidence of causation or the cost of replacing the roof. Def.'s Brief at 10–12. Phillips has offered evidence of both. Phillips's expert, Edwards, recognizes that he and Massachusetts Bay's expert have different opinions but it is his opinion that the damage to Phillips's roof is consistent with wind damage. Edwards Dep. at 47; SUMF ¶ 48. Further, Standridge provided a quote and is expected to testify about replacement costs. SUMF ¶¶ 40–41. Massachusetts Bay's next argument is that Phillips cannot seek damages for any portion of the roof outside the 500 square foot area that Edwards evaluated. Although this argument is understandable, it is not persuasive because Standridge will testify as to the necessity of

replacing the entire roof. Standridge Dep. at 47.

Although Massachusetts Bay argues that the Guaranteed Replacement Cost provision of the contract requires the homeowner to complete the repairs before the policy pays out, that provision does not apply. This is true because it applies to claims over 25% of the coverage amount—which is $1.3 million—or claims worth over $250,000, and Phillips's claim is for $202,575. Doc. No. 26, Ex. 5 at 48; SUMF ¶ 41.

Massachusetts Bay also argues that the policy's loss settlement condition bars recovery, but that provision would have barred coverage if Phillips had failed to notify Massachusetts Bay of her intent to repair the roof within 180 days of the date of loss. Doc. No. 26, Ex. 5 at 19. The record shows that Phillips, through Yates, notified Massachusetts Bay of her intent to repair the roof within the 180 day period. SUMF ¶ 7.

Massachusetts Bay finally argues that Phillips's claim is barred because she failed to uphold her duty to protect her property from further damage. Def.'s Brief at 13–14. There is evidence, however, that measures were taken to protect the roof using tarps and plywood while contractors worked on it. SUMF ¶ 54. Whether Phillips's protective measures were sufficient is a question for the jury to decide. *Cf. Emp.'s Liab. Assurance Corp. v. Mid-State Homes, Inc.*, 467 S.W.2d 386, 392 ("There is no evidence in the record that the insured took any steps whatever to protect the property against additional damage for a period of three years following the fire, and there was ample evidence that additional damage was sustained following the fire.").

E. Attorneys fees

Because there are genuine disputes of material fact, Massachusetts Bay's motion for summary judgment to bar attorneys' fees and interest is denied.

## IV. CONCLUSION

For these reasons, Massachusetts Bay's motions for summary judgment are denied.

IT IS SO ORDERED this 18th day of November, 2026.

UNITED STATES DISTRICT JUDGE